PROB 12B
(7/93)

**FILED**
DISTRICT COURT OF GUAM
OCT 24 2005
MARY L.M. MORAN
CLERK OF COURT

*United States District Court*

for

*District of Guam*

## Report for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: Roland Francis Mendiola     Case Number: CR 97-00087-001

Name of Sentencing Judicial Officer:     Honorable John S. Unpingco

Date of Original Sentence:     June 19, 1998

Original Offense:     Bank Robbery, in violation of 18 U.S.C. § 2113(a) and 2

Original Sentence:     Eighty-four months prison followed by three years of supervised release with conditions that the defendant participate in a substance abuse treatment and testing program and perform 50 hours of community service. **Conditions modified on January 20, 2004** to include conditions that he perform 100 hours of community service at the direction of the U.S. Probation Office and that he refrain from the use of alcohol. **Conditions modified on April 5, 2004** to include a condition that the defendant shall complete three months of home confinement, curfew with electronic monitoring program.

Type of Supervision: Supervised Release     Date Supervision Commenced: June 9, 2003

### PETITIONING THE COURT

[ ] To extend the term of supervision for _____ years, for a total term of _____ years.

[X] To modify the conditions of supervision as follows:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender

page 2

## CAUSE

On September 2, 2005, Roland Mendiola reported to the U.S. Probation Office and tested positive for the use of methamphetamine. He executed an admission form for using the drug on August 31, 2005. He apologized for his drug use and explained that he was unable to resist the drug as offered to him by friends.

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated the offender's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is the offender's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests the defendant must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

In addition, Mr. Mendiola was returned to day 1 phase I of the drug treatment program of the U.S. Probation Office. Mr. Mendiola understood that the above interventions initiated by the U.S. Probation Office will provide for continued correctional and controlling measures intended to secure his success under supervision.

Based on the information above, the probation officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Mr. Mendiola's progress will be carefully monitored and any continued violations will be addressed and reported to the Court accordingly. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision.

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

Date: 10/19/05

Respectfully submitted,

by: ROBERT I. CARREON
U.S. Probation Officer

Date: 10/19/05

*RECEIVED OCT 20 2005 DISTRICT COURT OF GUAM HAGATNA, GUAM*

## THE COURT ORDERS

☐ No Action

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

☐ Other

WILLIAM ALSUP, Designated District Judge
10-24-05
Date

PROB 49
(3/89)

# United States District Court

for

*District of Guam*

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

I agree to the modification of my supervised release conditions to include the following conditions:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 8 drug tests per month, as directed by the probation officer.

Witness: __Robert I. Carreon__
U.S. Probation Officer

Signed: __Roland F. Mendiola__
Probationer or Supervised Releasee

__10/12/05__
Date